**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS-EASTERN DIVISION**

| | |
|---|---|
| VIAHART LLC | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:20-cv-5039 |
| | ) |
| THE PARTNERSHIPS AND | ) |
| UNINCORPORATED ASSOCIATIONS | ) |
| IDENTIFIED IN SCHEDULE "A", | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff Viahart LLC ("Plaintiff"), by and through its undersigned counsel, hereby files this Complaint against the partnerships and unincorporated associations identified in Schedule "A" (together, "Defendants"). In support thereof, Plaintiff states as follows:

### I.  JURISDICTION AND VENUE

1. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051, et seq., 28 U.S.C. § 1338(a)-(b) and 28 U.S.C. § 1331. This Court has jurisdiction over the claims in this action that arise under the laws of the State of Illinois pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants, since each of the Defendants directly targets business activities toward consumers in the United States, including Illinois, through their operation of or assistance in the operation of the fully interactive, commercial Internet Stores identified in Schedule A. Specifically, each of the Defendants are directly reaching out to do

business with Illinois residents by operating or assisting in the operation of one or more commercial, interactive e-commerce stores that sell products using counterfeit versions of Plaintiff's federally registered trademarks directly to Illinois consumers. In short, each of the Defendants is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois.

## II. INTRODUCTION

3. This action has been filed by Plaintiff to combat online counterfeiters and infringers who trade upon Plaintiff's reputation and goodwill by selling and/or offering for sale unauthorized and unlicensed counterfeit and infringing products, including children's toys and games, using counterfeit versions of Plaintiff's federally registered trademarks (the "Counterfeit Products"). The Defendants create Internet Stores ("the Defendant Internet Stores") by the dozens and design them to appear to be selling genuine Plaintiff's products, while actually selling Counterfeit Products to unknowing consumers.

Not only do The Defendant Internet Stores share unique identifiers, such as design elements and similarities of the Counterfeit Products offered for sale, but they are also connected through mutual family and friends, as well as through a common manufacturing factory, thereby establishing the fact that Defendants' counterfeiting and infringement operation arises out of the same transaction, occurrence, or series of transactions or occurrences. Defendants attempt to avoid liability by going to great lengths to conceal both their identities and the full scope and interworking of their counterfeiting operation, including changing the names of their stores multiple times, opening new stores, helping their friends open stores, and making subtle changes to their products. Plaintiff is forced to file this action to combat Defendants' counterfeiting and willful infringement of Plaintiff's registered trademark, as well as to protect unknowing consumers

from purchasing Counterfeit Products over the Internet. Plaintiff has been and continue to be irreparably damaged through consumer confusion, dilution, and tarnishment of their valuable trademarks as a result of Defendants' actions and seek injunctive and monetary relief.

### III. THE PARTIES

**Plaintiff Viahart LLC**

4. Plaintiff is the creator and seller of the famous BRAIN FLAKES® interlocking plastic disks. Described as "every teacher's favorite 'brain break' activity,"[1] Plaintiff originally created, designed, and trademarked the well-renown educational toy that is today used in classrooms across the country and it has built up its brand into an international success.



5. BRAIN FLAKES®, which is described by one toy reviewer as "a revolutionary addition to the world of children's (and adults'!) construction toys," has been recognized by a number of national media such as the Wall Street Journal® and People.com®, and has been

---

[1] the-gadgeteer.com/2020/03/04/every-teachers-favorite-brain-break-activity-the-original-brain-flakes/ (last accessed on August 21, 2020).

included in recent lists of top toys for kids, including among the "Best building Toys for Kids (The Future Engineers) in 2020 and the top 10 STEM Toys of 2019."

6. Over the last decade, Plaintiff's BRAIN FLAKES® have become enormously popular, driven, in part, by Plaintiff's quality standards and innovative design. Among the purchasing public, genuine Brain Flakes® are instantly recognizable as such and symbolize high quality. Indeed, Brain Flakes® are among Amazon's top selling products in the category of children's toys and games.

7. Plaintiff has generated millions of dollars in sales from its Brain Flakes® products through national retail chains, such as Wal-Mart®, eBay®, through several other online and offline stores, as well as through Plaintiff's Amazon store and e-commerce website.

8. Plaintiff incorporates a variety of distinctive marks in the design of its various products and is the exclusive owner of several federally-registered trademarks for educational toys and games in Class 018, as well as retail stores services in Class 035 ("the Viahart Trademarks"). These registrations include:

| Registration No. | Marks |
| --- | --- |
| 1420858 | BRAIN FLAKES |
| 5049910 (International) | BRAIN FLAKES |
| 5370197 | GOODMINTON |
| 5407364 | VIAHART |

9. The Viahart Trademarks have been used exclusively and continuously by Plaintiff for many years and have never been abandoned. The above U.S. registrations for the Viahart Trademarks are valid, subsisting, and in full force and effect. True and correct copies of the United States Registration Certificates for the above-listed Viahart Trademarks are attached hereto as

4

Exhibit 1. The registrations for the Viahart Trademarks constitute *prima facie* evidence of their validity and of Plaintiff's exclusive right to use the Viahart Trademarks pursuant to 15 U.S.C. § 1057(b).

10. Plaintiff uses the Viahart Trademarks to identify its goods. The Viahart Trademarks are distinctive when applied to Plaintiff's products, signifying to the purchaser that the products come from Plaintiff and are manufactured to Plaintiff's quality and safety standards—which is uniquely important in the of market of children's toys.

11. Plaintiff has expended substantial time, money, and other resources in developing, advertising and quality testing products sold under the Viahart Trademarks. As a result, products bearing the Viahart Trademarks are widely recognized and exclusively associated by consumer and the public as being quality products designed, manufactured, and distributed via Plaintiff. As such, the goodwill associated with Viahart Trademarks is of incalculable and inestimable value to Plaintiff.

**The Defendants**

12. Defendants are individuals and business entities who reside in the People's Republic of China. Defendants conduct business or assist in business conducted throughout the United States (including within the State of Illinois and this Judicial District) through the manufacturing, online advertising and selling, and importation and distribution of children's educational toys that use counterfeit and infringing versions of the Viahart Trademarks. Each Defendant has targeted Illinois by selling or knowingly assisting in the selling of Counterfeit Products to Illinois consumers via various online Amazon stores.

13. Defendants are an interrelated group of counterfeiters and infringers, who resides in the same city in China, and who all work in active concert to knowingly and willfully

manufacture, import, distribute, offer for sale, and sell products using counterfeit versions of the Viahart Trademarks in the same transaction, occurrence, or series of transactions or occurrences. Tactics used by Defendants to conceal their identities and the full scope of their counterfeiting operation make it virtually impossible for Plaintiff to learn the precise scope and the exact interworking of their counterfeit network. In the event that Defendants provide additional credible information regarding their identities, Plaintiff will take appropriate steps to amend the Amended Complaint.

## IV. DEFENDANTS' UNLAWFUL CONDUCT

14. The success of Plaintiff's brands, particularly its BRAIN FLAKES® brand, has resulted in significant counterfeiting. Consequently, Plaintiff has recently instituted a worldwide anti-counterfeiting program to investigate suspicious online marketplace listings. In recent years, Plaintiff has identified *hundreds* fully interactive, commercial Internet stores on various e-commerce platforms, including the Defendant Internet Stores, which are offering for sale and selling Counterfeit Products to consumers in this Judicial District and throughout the United States. Internet websites like the Defendant Internet Stores are estimated to receive tens of millions of visits per year and generated over $509 billion in annual online sales in 2016 alone. *See* Exhibit 2. According to an intellectual property rights seizures statistics report issued by the United States Department of Homeland Security, the manufacturer's suggested retail price (MSRP) of goods seized by the U.S. government in fiscal year 2018 was over $1.4 billion. *See* Exhibit 2.

15. Defendants facilitate sales by designing their product listings and descriptions on Defendant Internet Stores so that they appear to unknowing consumers to be authorized online retailers of Brain Flakes®; however, Plaintiff has not licensed or authorized Defendants to use any

of the Viahart Trademarks, and none of the Defendants are authorized retailers of genuine Brain Flakes®.

16. Many of the Defendants also deceive unknowing consumers by using the Viahart Trademarks without authorization within the content, text, and/or meta tags of their Internet stores in order to attract various search engines crawling the Internet looking for Internet stores relevant to consumer searches for Brain Flakes®. Other Defendants show the Viahart Trademarks in product images while using strategic item titles and descriptions that will trigger their listings when consumers are searching for Plaintiff's products.

17. On information and belief, counterfeiters such as Defendants go to great lengths to conceal their identities and often use multiple fictitious names and addresses to register and operate their network of Defendant Internet Stores. On information and belief, counterfeiters such as Defendants regularly create new online marketplace accounts on various platforms using multiple fictitious names and addresses. On information and belief, such internet store registration patterns are one of many common tactics used by the counterfeiters to conceal their identities, the full scope and interworking of their counterfeiting operation, and to avoid being shut down.

18. Even though Defendants operate several online stores, on information and belief, those stores source their Counterfeit products from the same manufacturer located in China.

19. On information and belief, counterfeiters also typically ship products in small quantities via international mail to minimize detection by U.S. Customs and Border Protection.

20. On information and belief, counterfeiters operate multiple credit card merchant accounts and PayPal accounts behind layers of payment gateways so that they can continue operation in spite of Plaintiff's enforcement efforts. On information and belief, counterfeiters

maintain off-shore bank accounts and regularly move funds from their PayPal accounts or other financial accounts to off-shore bank accounts outside the jurisdiction of this Court.

21. Defendants, without any authorization or license from Plaintiff, have knowingly and willfully used and continue to use the Viahart Trademarks in connection with the advertisement, distribution, offering for sale, and sale of Counterfeit Products into the United States and Illinois over the Internet.

22. Defendants' use of the Viahart Trademarks in connection with the advertising, distribution, offering for sale, and sale of Counterfeit Products, including the sale of Counterfeit Products into the United States, including Illinois, is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Plaintiff.

## COUNT I
## TRADEMARK INFRINGEMENT AND COUNTERFEITING (15 U.S.C. § 1114)

23. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 22.

24. This is a trademark infringement and counterfeit action against Defendants based on their unauthorized use in commerce of counterfeit imitations of the federally registered the Viahart Trademarks in connection with the sale, offering for sale, distribution, and/or advertising of infringing goods. The Viahart Trademarks are distinctive marks. Consumers have come to expect the highest quality from Plaintiff's products offered, sold or marketed under the Viahart Trademarks.

25. Defendants have sold, offered to sell, marketed, distributed, and advertised, and are still selling, offering to sell, marketing, distributing, and advertising products using counterfeit reproductions of the Viahart Trademarks without Plaintiff's permission.

26. Plaintiff is the exclusive owners of the Viahart Trademarks. Plaintiff's United States Registrations for the Viahart Trademarks (Exhibits 1) are in full force and effect. Defendants have knowledge of Plaintiff's rights in the Viahart Trademarks and are willfully infringing and intentionally using counterfeits and infringing versions of the Viahart Trademarks. Defendants' willful, intentional and unauthorized use of the Viahart Trademarks is likely to cause and is causing confusion, mistake, and deception as to the origin and quality of the Counterfeit Products among the general public.

27. Defendants' activities constitute willful trademark infringement and counterfeiting under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

28. Plaintiff has no adequate remedy at law, and if Defendants' actions are not enjoined, Plaintiff will continue to suffer irreparable harm to their reputations and the goodwill of the Viahart Trademarks.

29. The injuries and damages sustained by Plaintiff has been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of Counterfeit Products.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

(1) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

    a. using the Viahart Trademarks or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product

     that is not a genuine products or is not authorized by Plaintiff to be sold in connection with the Viahart Trademarks;

  b. passing off, inducing, or enabling others to sell or pass off any product as a genuine products or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff's and approved by Plaintiff for sale under the Viahart Trademarks;

  c. committing any acts calculated to cause consumers to believe that Defendants' Counterfeit Products are those sold under the authorization, control or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

  d. further infringing the Viahart Trademarks and damaging Plaintiff's goodwill; and

  e. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of Plaintiff's trademarks, including the Plaintiff's Trademarks, or any reproductions, counterfeit copies or colorable imitations thereof;

(2) Entry of an Order that, upon Plaintiff's request, those in privity with Defendants and those with notice of the injunction, including, without limitation, any online marketplace platforms such as iOffer, eBay, AliExpress, Alibaba, Amazon, Wish.com, and Dhgate, sponsored search engine or ad-word providers, credit cards, banks, merchant account providers, third party

processors and other payment processing service providers, and Internet search engines such as Google, Bing and Yahoo (collectively, the "Third Party Providers") shall:

    a.    disable and cease providing services being used by Defendants, currently or in the future, to engage in the sale of goods using the Viahart Trademarks;

    b.    disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeit and infringing goods using the Viahart Trademarks; and

    c.    take all steps necessary to prevent links to the Defendant Internet Stores identified on Schedule A from displaying in search results, including, but not limited to, removing links to the Defendant Internet Stores from any search index;

(3) That Defendants account for and pay to Plaintiff all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged, and that the amount of damages for infringement of the Viahart Trademarks be increased by a sum not exceeding three times the amount thereof as provided by 15 U.S.C. § 1117;

(4) In the alternative, that Plaintiff be awarded statutory damages for willful trademark counterfeiting pursuant to 15 U.S.C. § 1117(c)(2) of $2,000,000 for each and every use of the Viahart Trademarks;

(5) That Plaintiff be awarded their reasonable attorneys' fees and costs; and

(6) That Plaintiff be awarded any and all other relief that this Court deems just and proper.

## COUNT II
## FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

30.    Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 29.

31. Defendants' promotion, marketing, offering for sale, and sale of Counterfeit Products has created and is creating a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, or association with Plaintiff or the origin, sponsorship, or approval of Defendants' Counterfeit Products by Plaintiff.

32. By using the Viahart Trademarks on the Counterfeit Products, Defendants create a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the Counterfeit Products.

33. Defendants' false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the Counterfeit Products to the general public involves the use of counterfeit marks and is a willful violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

34. Plaintiff has no adequate remedy at law and, if Defendants' actions are not enjoined, Plaintiff will continue to suffer irreparable harm to their reputations and the associated goodwill of the Viahart® and Brain Flakes® brands.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

(1) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

    a. using the Viahart Trademarks or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine product or is not authorized by Plaintiff to be sold in connection with the Viahart Trademarks;

b. passing off, inducing, or enabling others to sell or pass off any product as a genuine products or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the Viahart Trademarks;

c. committing any acts calculated to cause consumers to believe that Defendants' Counterfeit Products are those sold under the authorization, control or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

d. further infringing the Viahart Trademarks and damaging Plaintiff's goodwill; and

e. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of the Viahart Trademarks, or any reproductions, counterfeit copies or colorable imitations thereof;

(2) That Defendants account for and pay to Plaintiff all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged, and that the amount of damages for infringement of the Viahart Trademarks be increased by a sum not exceeding the statutory limit;

(3) Plaintiff's costs and reasonable attorneys' fees;

(4) Both pre-judgment and post-judgment interest; and

(5) Such other and further relief as this Court finds just and equitable.

# COUNT III
# VIOLATION OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT
# (815 ILCS § 510, et seq.)

35. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 34.

36. Defendants have engaged in acts violating Illinois law including, but not limited to, passing off their Counterfeit Products as those of Plaintiff, causing a likelihood of confusion and/or misunderstanding as to the source of their goods, causing a likelihood of confusion and/or misunderstanding as to an affiliation, connection, or association with genuine Viahart® and Brain Flakes® products, representing that their products have Plaintiff's approval when they do not, and engaging in other conduct which creates a likelihood of confusion or misunderstanding among the public.

47. The foregoing Defendants' acts constitute a willful violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510, et seq.

48. Plaintiff has no adequate remedy at law, and Defendants' conduct has caused Plaintiff to suffer damage to their reputations and associated goodwill. Unless enjoined by the Court, Plaintiff will suffer future irreparable harm as a direct result of Defendants' unlawful activities.

WHEREFORE, Plaintiff prays that this Honorable Court enter an order and judgment in favor of Plaintiff and against Defendant as follows:

(1) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

a. using the Viahart Trademarks or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine product or is not authorized by Plaintiff be sold in connection with the Viahart Trademarks;

b. passing off, inducing, or enabling others to sell or pass off any product as a genuine product or any other product produced by Plaintiff that is not Plaintiff or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the Viahart Trademarks;

c. committing any acts calculated to cause consumers to believe that Defendants' Counterfeit Products are those sold under the authorization, control or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

d. further infringing the Viahart Trademarks and damaging Viahart's goodwill; and

e. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of the Viahart Trademarks, or any reproductions, counterfeit copies or colorable imitations thereof;

(2) Plaintiff's costs and reasonable attorneys' fees pursuant to 815 ILCS § 510/3;

(3) Such other and further relief as this Court finds just and equitable.

# COUNT III
## CONTRIBUTORY COUNTERFEITING AND TRADEMARK INFRINGEMENT
### (15 U.S.C. §§ 1114, 1125(a))

49. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 48.

50. By providing third parties counterfeit and infringing products, by providing third parties Plaintiff's specific product designs and specs, by connecting third-parties to authorized manufacturers of Plaintiff's products, and by assisting third parties set up Amazon stores and other online stores to sell counterfeit and infringing products, Defendants induced, caused, and/or materially contributed to the counterfeit and infringing conduct of third parties with knowledge of those third parties' direct infringement and counterfeit sales.

51. Plaintiff has no adequate remedy at law, and if Defendants' actions are not enjoined, Plaintiff will continue to suffer irreparable harm to their reputations and the goodwill of the Viahart Trademarks.

52. The injuries and damages sustained by Plaintiff has been directly and proximately caused by Defendants' contributory infringement and counterfeiting assistance.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

(1) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

    a. assisting third parties from using the Viahart Trademarks or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering

for sale, or sale of any product that is not a genuine products or is not authorized by Plaintiff to be sold in connection with Viahart Trademarks;

  b. assisting third parties with passing off, inducing, or enabling others to sell or pass off any product as a genuine products or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the Viahart Trademarks;

  c. assisting third parties with the manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of Plaintiff's trademarks, including the Viahart Trademarks, or any reproductions, counterfeit copies or colorable imitations thereof;

(2) Entry of an Order that, upon Plaintiff's request, those in privity with Defendants and those with notice of the injunction, including, without limitation, any online marketplace platforms such as iOffer, eBay, AliExpress, Alibaba, Amazon, Wish.com, and Dhgate, sponsored search engine or ad-word providers, credit cards, banks, merchant account providers, third party processors and other payment processing service providers, and Internet search engines such as Google, Bing and Yahoo (collectively, the "Third Party Providers") shall:

  a. disable and cease providing services being used by Defendants, currently or in the future, to engage in the sale of goods using the Viahart Trademarks;

  b. disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeit and infringing goods using the Viahart Trademarks; and

  c. take all steps necessary to prevent links to the Defendant Internet Stores identified on Schedule A from displaying in search results, including, but not limited to, removing links to the Defendant Internet Stores from any search index;

(3) That Defendants account for and pay to Plaintiff all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged, and that the amount of damages for infringement of the Viahart Trademarks be increased by a sum not exceeding three times the amount thereof as provided by 15 U.S.C. § 1117;

(4) In the alternative, that Plaintiff be awarded statutory damages for willful trademark counterfeiting pursuant to 15 U.S.C. § 1117(c)(2) of $2,000,000 for each and every use of the Viahart Trademarks;

(5) That Plaintiff be awarded their reasonable attorneys' fees and costs; and

(6) That Plaintiff be awarded any and all other relief that this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all issues triable as of right to a jury. Fed. R. Civ. P. 38(b).

Date: August 27, 2020           Respectfully submitted,
                        /s/DALIAH SAPER
                        DALIAH SAPER
                        MATT GROTHOUSE
                        BRANDON BEYMER
                        SAPER LAW OFFICES, LLC
                        505 N. LASALLE, SUITE 60654

Chicago, Illinois 60654
(312) 527-4100