IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS-EASTERN DIVISION

| | |
|---|---|
| VIAHART LLC<br><br>Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE "A",<br><br>Defendants. | No. 1:20-cv-5039<br><br>Hon. Robert M. Dow<br><br>Mag. Judge Jeffrey Cummings |

## CONSENT JUDGEMENT

THIS MATTER having come before the Court on the pleadings, and the Plaintiff and Defendants having agreed upon a basis for settlement of the matters in dispute and having agreed upon the entry of a Consent Judgement, it is hereby ORDERED, ADJUDGED and DECREED as stated herein, and based on the evidence of record the Court makes the following findings of fact and conclusions of law:

1. The Court has jurisdiction over the subject matter of this action and over the Parties hereto.

2. Venue properly lies in this District.

3. Plaintiff Viahart LLC ("Plaintiff" or "Viahart"), is a corporation duly organized and existing under the laws of the State of Texas, with its principal place of business in Houston, Texas.

4. Plaintiff is the creator and seller of the famous BRAIN FLAKES interlocking plastic disks described as "every teacher's favorite 'brain break' activity."

1



5. Over the last decade, Plaintiff's BRAIN FLAKES have become enormously popular, driven, in part, by Plaintiff's quality standards and innovative design. Among the purchasing public, genuine BRAIN FLAKES are instantly recognizable as such and symbolize high quality. Indeed, BRAIN FLAKES are among Amazon's top selling products in the category of children's toys and games.

6. Plaintiff has generated millions of dollars in sales from its BRAIN FLAKES products through national retail chains, such as Wal-Mart.com®, eBay®, through several other online and offline stores, as well as through Plaintiff's Amazon® store and e-commerce website.

7. Plaintiff incorporates a variety of distinctive marks in the design of its various products and is the exclusive owner of several federally registered trademarks for educational toys and games in Class 018, as well as retail stores services in Class 035 ("the Viahart Trademarks"). These registrations include:

| Registration No. | Marks |
|---|---|
| 1420858 | BRAIN FLAKES |
| 5049910 (International) | BRAIN FLAKES |

2

| | |
|---|---|
| 5370197 | GOODMINTON |
| 5407364 | VIAHART |

8. As used herein, "Defendants," unless otherwise specified, shall refer to "Luisa" Dai Lu, Liu Yu, Liu Hui, "Susan"/"Tina" Zhao Shanhong, Liu Wei, Gu Lingbo, Xin Zhong, Suzhou Younaise Maoyi Gongsi, Rainbow Toyfrog, Kidsland, Kutoi/Rikko, Awesome Choice, Vipamz, Baivyle/Lysa's Shop/Michael's Shop, and Little Sweet. Defendants are individuals and business entities who reside in the People's Republic of China. Defendant partnerships and unincorporated associations are identified in Schedule "A" to Plaintiff's Amended Complaint in the above-captioned action. Defendants have conducted business throughout the United States and have specifically sold counterfeit products to Illinois consumers using Internet Stores listed in said Schedule "A."

9. Without Plaintiff's authorization, license, or authority, Defendants have willfully used, advertised, promoted, distributed, sold, and offered for sale within the United States and in interstate commerce, and internationally, counterfeit BRAIN FLAKES toys. Defendants' activities constitute, *inter alia*, willful trademark infringement and counterfeiting under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

10. Many of the Defendants also deceive unknowing consumers by using the Viahart Trademarks without authorization within the content, text, and/or meta tags of their Internet stores in order to attract various individuals using search engines crawling the Internet looking for Internet stores relevant to consumer searches for BRAIN FLAKES. Other Defendants show the Viahart Trademarks in product images while using strategic item titles and descriptions that will trigger their listings when consumers are searching for Plaintiff's products.

3

11. On August 27, 2020, Plaintiff initiated this action against Defendants in the United States District Court for the Northern District of Illinois, Eastern Division: *Viahart LLC v. The Partnerships and Unincorporated Associations Identified in Schedule "A,"* No. 1:20-cv-5039 ("the Litigation"). Viahart alleges that Defendants' sale of counterfeit BRAIN FLAKES products has caused and continues to cause Viahart irreparable damage due to customer confusion and attendant damage to Viahart's goodwill and business reputation as well as due to dilution and tarnishment of Viahart's VIAHART and BRAIN FLAKES marks (collectively, the "Viahart Trademarks").

12. On September 11, 2020, the Court in the Litigation granted in its entirety Plaintiff's Ex Parte Motion for Entry of a Temporary Restraining Order, including a Temporary Injunction, a Temporary Asset Restraint, and Expedited Discovery against Defendants. The Temporary Restraining Order without notice remained in effect for (14) days.

13. On October 2, 2020, Plaintiff filed in the Litigation a Motion for Entry of a Preliminary Injunction. The Court granted the Plaintiff's Motion in its entirety on October 9, 2020.

14. Defendants' use, advertisement, promotion, distribution, sale, and/or offering for sale, of products bearing counterfeit versions of the Viahart Trademarks constitutes direct and contributory federal trademark counterfeiting and infringement, federal false designation of origin, a violation of the Illinois Uniform Deceptive Trade Practices Act, and federal and state unfair competition.

15. The Viahart Trademarks are valid, subsisting and in full force and effect.

16. Defendants willfully infringed the Viahart Trademarks and engaged in unfair competition.

4

17. Defendants shall not challenge the validity of the Viahart Trademarks or seek cancellation or otherwise object to Plaintiff's registrations for the Viahart Trademarks, including U.S. Trademark Registration Nos. 1,420,858; 5,049,910; 5,370,197, and 5,407,364.

18. Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them shall be permanently enjoined and restrained, worldwide, from:

(a) using the Viahart Trademarks or any reproductions, counterfeit copies or colorable imitations thereof, in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product;

(b) passing off, inducing, or enabling others to sell or pass off any product as a genuine product or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale;

(c) committing any acts calculated to cause consumers to believe that Defendants' counterfeit products as identified in the Litigation are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

(d) further infringing the Viahart Trademarks and damaging Plaintiff's goodwill;

(e) further infringing any other intellectual property owned by Viahart, including Viahart's copyrights as stipulated below; and

(f) making any confusingly similar, dilutive, misleading or otherwise inappropriate use of any trademark, service mark or trade dress of Viahart, including the Viahart marks, and/or any false or misleading statements with respect to any of Viahart's products;

(g) using Viahart's intellectual property, in a non-fair-use manner, in order to attract various individuals using search engines crawling the Internet looking for Internet stores relevant to consumer searches for BRAIN FLAKES or other Viahart brand toys;

(h) manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of the Viahart

        Trademarks or any reproductions, counterfeit copies or colorable imitations thereof;

(i)     Defendants shall delete from all websites, advertisements or other promotional materials any images taken from Viahart, Viahart's Internet website, an authorized Viahart dealer, or the Internet website of an authorized Viahart dealer, and refrain from any future unauthorized use of such images.

(j)     Within fourteen (14) days of entry of this Consent Judgment, each Defendant must destroy its entire inventory of infringing products and provide to Viahart written confirmation that it has complied with this Paragraph. The forgoing written confirmation shall be duly signed by the relevant Defendant(s) and contain the following affirmation: "I declare under penalty of perjury that the foregoing is true and correct."

(k)     Defendant's shall not sell interlocking plastic disks or any product that interlocks with interlocking plastic disks. Prior to selling or offering to sell any product that could potentially look like an interlocking plastic disk, the relevant Defendant(s) shall obtain Viahart's authorization to sell the purported product by submitting such product to Viahart prior to its commercialization. It shall not be unreasonable for Viahart to withhold authorization of a redesign on the grounds that the redesigned product is confusingly similar to or dilutive of the Viahart Trademarks, or would infringe any trademark, copyright, or other intellectual property owned by Viahart.

19.     Defendants agree to make to Viahart a one-time, lump-sum payment of $200,000 payable within (7) days of the entry of this Consent Judgement.

20.     Defendants represent and warrant that they do not own or operate, directly or indirectly, any e-commerce stores/sites other than those that Defendants have previously disclosed to Viahart. If undisclosed accounts are discovered, whether they sell infringing products or not, this failure to disclose will constitute a violation of this Consent Judgement. Viahart will be entitled to recover $100,000 for each undisclosed account. The $100,000 sum is not intended to be exclusive of any other remedies available to Plaintiff and is cumulative and in addition to any other remedies existing now or later, at law, in equity, or by statute.

21. Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them shall adhere to additional stipulations, including:

(a) Within signing of this Consent Judgement, each Defendant individual shall provide to Viahart fingerprints as well as copies of their respective identification cards or passports. Yuanlaishun and Suzhou Younaisi shall provide to Viahart its company license and company stamp.

(b) Luisa, Susan, and their husbands Liu Yu and Liu Wei, and Liu Hui do hereby admit to each of the actions alleged by Viahart in the Litigation, including, among other activity, counterfeiting and willful trademark infringement. Said Parties further admit to infringing Viahart's copyrights.

(c) Luisa and Susan do hereby admit to breaching their independent contractor agreement with Viahart dated 2015/04/15 and 2015/05/14 respectively.

(d) Defendants shall not come within 100 meters of Plaintiff.

(e) Defendants shall not contact Plaintiff's former or current employees, customers, and suppliers.

(f) Defendants recognize and will not challenge and will not directly or indirectly challenge the validity of Viahart's Copyright Registrations (this includes registered copyrights (TX0008735133; 2019-04-08, VA0002139329; 2019-02-22, VA0002142718; 2019-02-22, TX0008704345; (2019-04-08), VA0002179712; 2019-02-21, VA0002179710; 2019-02-21, VA0002176658; 2019-02-21). Defendants willfully infringed Viahart's Copyrighted Design. Without limitation, Defendants' reproduction, distribution, and/or public display of products embodying the

Copyrighted Design constitutes willful copyright infringement in violation of 17 U.S.C. § 501.

22. Defendants' conduct described herein and as alleged in the Litigation has caused extensive loss of the goodwill established by Viahart in the related intellectual property, and to Viahart's business reputation.

23. Defendants' infringement of Plaintiff's intellectual property rights, and/or any other violation of this Consent Judgment would result in irreparable harm to Plaintiff. Any violation warrants an award of injunctive relief, including a temporary restraining order and/or a preliminary injunction, asset freezes, specific performance, and damages including costs, attorney's fees, and disgorgement of all profits. The Parties agree that such damages amount shall not be less than $40,000 per each sale of each infringing item. The $40,000 sum per infringing item is not intended to be exclusive of any other remedies available to Plaintiff and is cumulative and in addition to any other remedies existing now or later, at law, in equity, or by statute.

24. Subject to the preceding Paragraph, each Party shall bear its own expenses incurred in connection with the Litigation, including, but not limited to, attorney's fees.

25. Defendants submit that they had the opportunity to consult with attorneys as desired and agree that this Consent Judgement was drafted with the input of all Parties' counsel.

26. This Consent Judgment shall inure to the benefit of and shall be binding upon and effective as against the Parties, all of their employees, agents, representatives, attorneys, shareholders, officers, directors, partners, affiliates, successors, assigns, heirs, subsidiaries, licensees and/or related entities, and those in active concert or participation with them.

27. Jurisdiction is retained by this Court over the Plaintiff, the Defendants, the settlement, and the subject matter of this Action, for the purpose of enabling any of the parties to

apply to this Court at any time for such further orders or direction as may be necessary for the interpretation or implementation hereof; compliance herewith; or the punishment of violations hereof.

28. Defendants agree to future service of process by electronic means only and waive any other form of service of process in connection with the enforcement of this Consent Judgment or any other claim Plaintiff may bring against Defendants.

29. Viahart dismisses the litigation with prejudice. Defendants release and forever discharge Viahart and its employees, officers, directors, and attorneys from any and all manner of causes of actions, suits, proceedings, debts, contracts, judgments, damages, costs, claims and demands of any kind, whether in law, equity or otherwise, and whether arising under U.S. law, Chinese law, or the laws of any other jurisdiction, which they have ever had, now have, or may have in the future, arising on or before the entry of this Consent Judgement.

It is so Ordered this __ day of __, 2020.

_____
The Honorable Robert M. Dow, Jr.

The Parties hereby consent to the entry of the foregoing Consent Judgment and decree and waive any and all right to appeal.

VIAHART LLC                                             Defendants

_____                    Dai Lu 戴旭 2020.12.21
2020/12/22
Molson C Hart
VIAHART LLC
CEO

9

By: Michael Hart                "Luisa" Dai Lu 戴璐

 Liu Yu. 刘瑜 2020.12.21

Liu Yu. 刘瑜

Liu Hui 刘慧 2020.12.21

LLiu Hui 刘慧

Zhao Shanhong 赵闪红 2020.12.21

"Susan"/"Tina" Zhao Shanhong 赵闪红

 Liu Wei 刘伟 2020.12.21

Liu Wei 刘伟

Gulingbo 顾凌波 2020.12.21

Gu Lingbo 顾凌波

XinZhong 钟欣 2020.12.21

Xin Zhong 钟欣


Suzhou Younaise Maoyi Gongsi 苏州优奈思贸易有限公司

10



Rainbow Toyfrog

Amazon DE Seller ID A2GQPCNYA5ABIK



Kidsland

Amazon Seller ID A1QHOBU0D8QCC6

 Liu Wei 刘伟 2020.12.21

Kutoi/Rikko

Amazon Seller ID AT2212AH8YJXC

 Liu Yu. 刘瑜 2020.12.21

Awesome Choice

Amazon Seller ID A214M7972HF87S

Gulingbo 顾凌波. 2020.12.21

Vipamz

Amazon Seller ID A1Z5C8FRCO3IFG

 Liu Hui 刘慧 2020.12.21

Baivyle/Lysa's Shop/Michael's Shop

Amazon Seller ID A1CO2OW89JE68H

11

XinZhong [signature] 2020.12.21
_____

Little Sweet

Amazon Seller ID A33092V9U6S9AG

Dai Lu [signature] 2020.12.21
_____

yuanlaishun                                            /

"chengduyuanlaishunshangmaoyouxiangongsi

" Amazon Seller ID: A1WQO858YLJPD1

| Approved:<br><br>/Daliah Saper/<br>_____<br>By: Daliah Saper<br>Attorney for Plaintiff<br>505 N LaSalle Suite 350<br>Chicago IL 60654<br>ds@saperlaw.com<br>312.527.4100<br>6283932 | Approved:<br><br>Attorney Chen<br>Fa-Shen Consulting<br>info@fa-shen.com<br><br>*Weichen* |

12